## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**JEFFREY K. DAVIS**                                              **PLAINTIFF**

**v.**                                                **CAUSE NO. 3:16CV300-LG-RHW**

**U.S. MARSHALS SERVICE, U.S.**
**DEPARTMENT OF JUSTICE,**
**ATTORNEY GENERAL SESSIONS,**
**METROPOLITAN SECURITY**
**SERVICES, INC., d/b/a WALDEN SECURITY,**
**THOMAS WIGHT, and DAVID HARLOW**                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTIONS TO DISMISS

BEFORE THE COURT are the [32] Motion to Dismiss for Failure to State a

Claim filed by the United States Marshals Service and the United States

Department of Justice, and the [40] Motion to Dismiss for Failure to State a Claim

filed by the individual defendants, David Harlow and Thomas Wight (together, the

"Federal Defendants"). Both Motions have been fully briefed. After due

consideration of the parties' submissions and the relevant law, it is the Court's

opinion that the allegations of the Amended Complaint fail to state a claim against

the Federal Defendants. Accordingly, the Motions will be granted and Davis' claims

against these Defendants dismissed.

BACKGROUND

Plaintiff Jeffrey Davis complains that within days of being hired by Walden

Security Services, Inc. as District Supervisor for the Northern District of

Mississippi, he was "suspended from the contract" and terminated. He alleges that

the Marshals Service failed to approve his employment, which was a condition of

the position with Walden Security. Davis complains that he did not receive written notification from the Marshals Service that it had found a lack of qualifications or unsuitability for the position, or the information regarding his right to appeal or challenge the suitability determination under 5 CFR § 731. He had been previously employed by the Marshals Service, and contends that his employment with Walden Security was not approved in retaliation for his whistleblowing activity during his tenure at the Marshals Service. The claims included in the Amended Complaint are for denial of due process under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), breach of contract, and violation of the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8).

The contract between Walden Security and the Marshals Service required the Marshals Service to determine if an applicant for a position with Walden was

> suitable to perform under this contract in accordance with the criteria outlined in 5 CFR 731 *Suitability* and the *Homeland Security Presidential Directive-12, Policy for a Common Identification Standard for Federal Employees and Contractors*. The Government's primary concern is to determine whether the individual's presence or performance under this contract could pose a potential threat or risk to the U.S. Courts, the Government, or the public. Derogatory information discovered during the investigation process may render the individual unsuitable to perform under this contract.

(Am. Compl. Ex. A, at C-15, ECF No. 31-1).

After he was informed that his employment with Walden had not been approved, Davis submitted a complaint to the U.S. Office of Special Counsel alleging retaliation for whistleblowing. (Am. Compl. Ex. D, ECF No. 31-4). The Office of Special Counsel did not investigate Davis' claim, finding that it concerned

employment with a government contractor rather than the government itself. (*Id.* at 1).

Davis also filed an Individual Right of Action appeal before the Merit Systems Protection Board alleging that his non-selection for the position was retaliation for his whistleblowing activity. (Am. Compl. Ex. E, ECF No. 31-5). The Administrative Law Judge dismissed the appeal for lack of jurisdiction, because Davis was not an applicant for a position with an agency. (*Id.* at 5). The ALJ further found that the "suitability" regulations did not apply to Davis:

> The appellant also alleged that the agency failed to make a suitability determination pursuant to 5 C.F.R. § 731.202 and Section C.5 of the contract with Walden Security. AF, Tab 1. However, **suitability determinations concern employment in "covered positions,"** which are defined as "a position in the competitive service, a position in the excepted service where the incumbent can be noncompetitively converted to the competitive service, and a career appointment to a position in the Senior Executive Service." **The position appellant applied for with Walden Security is not a covered position under the regulations**.

(*Id.* at 6 n.3) (emphasis added).

When Davis initially filed this lawsuit against the United States Marshals Service, Department of Justice and Metropolitan Security Services, Inc., the Marshals Service and Department of Justice filed a motion to dismiss for lack of subject matter jurisdiction. (ECF No. 10). Davis then amended his complaint to restate his claims against the federal agencies, and added claims against two individual Marshals Service officials – Thomas Wight and David Harlow. (ECF No. 31). The agencies and individual defendants move for dismissal.

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In addition to the complaint's allegations, a court may also consider documents attached to the complaint on a Rule 12(b)(6) motion to dismiss. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

DISCUSSION

## 1. Denial of Due Process

Davis' claim that he was denied of 5th and 14th Amendment due process rights is brought pursuant to 42 U.S.C. § 1983 and *Bivens*, and Davis names "the Marshals Service and its designees, the Offices of Personnel Management and

Office of Court Security" as the parties responsible for the deprivation. (Am. Compl. 13, ECF No. 31).

The Court finds initially that 42 U.S.C. § 1983 cannot serve as a basis for Davis's constitutional claims against the federal actors he has named as defendants. "[Section] 1983 applies to constitutional violations by state, rather than federal actors." *Murrell v. Chandler*, 277 F. App'x 341, 343 (5th Cir. 2008). Further, *Bivens* provides a legal framework for alleging constitutional violations against federal officials, not a federal agency. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *FDIC v. Meyer*, 510 U.S. 471 (1994). This is so because the primary purpose of *Bivens* is "to deter individual officers, not the agency, from committing constitutional violations." *Malesko*, 534 U.S. at 62. The parties Davis alleges are responsible for constitutional violations are federal agencies, and therefore not amenable to suit under *Bivens*.

Even if the Court assumes that the individual Marshals Service officers named – Thomas Wight and David Harlow – are included in the *Bivens* allegations, there are no facts alleged concerning either of these individuals' actions beyond the allegation that Harlow "informed Walden Security to 'suspend' Davis from the contract." (Am Compl. 11, ECF No. 31). This single allegation falls far short of alleging that Harlow failed to provide Davis with due process. In the absence of any facts which allow a reasonable inference that the individual defendants are liable for the misconduct alleged, the Court finds that Davis fails to state a due process

claim against either individual defendant.  Both motions to dismiss will be granted in regard to the due process claim.

## 2.  Breach of Contract

Davis claims that the defendants were "contractually obligated to undertake a background investigation for the purpose of determining the plaintiff's 'suitability' for the position of district supervisor in accordance with the limited criteria set forth in 5 CFR Section 731.202." (Am. Compl. 14, ECF No. 31).  Davis alleges that the federal defendants breached the contract by: 1) making an inappropriate suitability determination; 2) denying Davis' continued employment by making an inappropriate suitability determination; 3) failing to provide written notice of the reasons for the unsuitability determination; 4) failing to advise Davis of his right to contest the unsuitability determination; and 5) terminating Davis' employment. (*Id.*, 14-15).

In order to establish a breach of contract claim in Mississippi, "'the plaintiff must prove by a preponderance of the evidence: (1) the existence of a valid and binding contract, (2) the defendant has breached the contract, and (3) the plaintiff has been damaged monetarily.'" *Kelley, LLC v. Corinth Pub. Utils. Comm'n*, 200 So. 3d 1107, 1123 (Miss. Ct. App. 2016) (quoting *Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1175 (¶ 35) (Miss. Ct. App. 2007)).

The contract terms requiring the Marshals Service to conduct a background investigation of Walden Security applicants are contained in the contract between the United States Marshals Service and Walden Security.  (*See* Am. Compl. Ex. A

14-15, CF No. 31-1). Davis is not a party to the contract. Nor can he be considered a third-party beneficiary who would be entitled to enforce the contract, as the background investigation provisions are clearly not a promise made for Davis' benefit. *See Cope v. Thrasher Constr., Inc.*, 231 So. 3d 989, 993 (Miss. 2017). The Marshals Service's reason for including the background investigation provisions is expressly set out in the contract: "The Government's primary concern is to determine whether the individual's presence or performance under this contract could pose a potential threat or risk to the U.S. Courts, the Government, or the public." (Am. Compl. Ex. A, at C-15, ECF No. 31-1). Accordingly, Davis does not allege a valid and binding contract between himself and the Federal Defendants.

Although Davis alleges in a conclusory manner that the Marshals Service was his joint employer and therefore could be liable for breaching the employment contract, none of the documents attached to the Amended Complaint indicate that Davis was jointly employed by Walden Security and the Marshals Service. The Marshals Service required that Walden Security provide specific personnel and services, but it was Walden Security that extended the offer of employment to Davis, determined pay, and would have trained and supervised Davis. (Am. Compl. Ex. A, B, ECF No. 31-1, 31-2). The bare allegation that the Marshals Service was Davis' joint employer because it retained a veto over Davis' employment is implausible under these circumstances. *See Urgent v. U.S. Marshals Serv.*, 704 F. App'x 107, 109 (3d Cir. 2017) (CSO applicant was not employee of Marshals Service simply because background check gave Marshals Service control of decision to hire

or reject contractor's applicants). More fundamentally, even if the Marshals Service was Davis' joint employer, he is not a party or a third party beneficiary of the contract he seeks to enforce. For all of these reasons, the Court finds that Davis has failed to state a breach of contract claim against any of the Federal Defendants. Both motions to dismiss will be granted as to the breach of contract claim.

### 3. Reprisal and Whistleblower

Davis alleges that during his previous employment as an employee of the Marshals Service, he engaged in actions protected by the federal whistleblowing statutes. *See* 5 U.S.C. § 2302, *et seq*. He alleges that the Marshals Service's failure to approve his employment with Walden Security was in retaliation for his whistleblowing while he was a federal employee. This claim is foreclosed by the plain terms of the statute, which prevents adverse actions against "an employee in, or applicant for, a covered position in an agency." 5 U.S.C. § 2302(a)(2). A "covered position" is defined as "any position in the competitive service, a career appointee position in the Senior Executive Service, or a position in the excepted service." 5 U.S.C.A. § 2302(a)(2)(B). Davis was not an applicant for a covered position in an agency. The facts alleged in Davis' Amended Complaint show that he is unable to state a viable claim under the Whistleblower Protection Act.

Davis also argues that Mississippi law allows him to bring a tort claim if he is discharged for reporting illegal acts of his employer, citing *McArn v. Allied*

*Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993).[1]  In *McArn,* the Mississippi

Supreme Court held that "an employee who is discharged for reporting illegal acts

of his employer to the employer or anyone else is not barred by the employment at

will doctrine from bringing action in tort for damages against his employer." *Id.* at

607.  Since none of the Federal Defendants are Davis' employer, the *McArn* case

does not suggest that Davis has a viable state-law tort claim against the Federal

Defendants.  The Court therefore concludes that the Federal Defendants are

entitled to dismissal of Davis' reprisal and whistleblower claim against them.

CONCLUSION

Davis has failed to state plausible claims against the Federal Defendants.

Because he has already amended his complaint once in an effort to overcome the

pleading deficiencies identified by the Federal Defendants, the Court finds that an

additional opportunity to amend would be futile.  Accordingly, the dismissal will be

with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** the [32] Motion to

Dismiss for Failure to State a Claim filed by the United States Marshals Service

and the United States Department of Justice, and the [40] Motion to Dismiss for

Failure to State a Claim filed by the individual defendants, David Harlow and

Thomas Wight, are **GRANTED**.  The plaintiff's claims against these defendants are

---

[1]  Davis also cites an analogous Tennessee case, *Bloom v. Gen. Elec. Supply Co.*, 702 F. Supp. 2d 1364 (M.D. Tenn. 1998), in the event that the law of that State applies.

**DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2018.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE