**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JEFFREY K. DAVIS**                                           **PLAINTIFF**

**v.**                                     **CAUSE NO. 3:16CV300-LG-RHW**

**U.S. MARSHALS SERVICE, U.S.
DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL SESSIONS,
METROPOLITAN SECURITY
SERVICES, INC., d/b/a WALDEN SECURITY,
THOMAS WIGHT, and DAVID HARLOW**         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the [71] Motion for Summary Judgment filed by

Metropolitan Security Services, Inc., d/b/a Walden Security, the sole remaining

defendant in this case. The Motion has been fully briefed. After due consideration

of the parties' submissions and the relevant law, it is the Court's opinion that there

is no question of material fact for the jury. Accordingly, the Motion will be granted

and the plaintiff's claims against the defendant dismissed.

BACKGROUND

Plaintiff Jeffrey Davis complains that within days of being hired by Walden

Security as District Supervisor ("DS") for the Northern District of Mississippi, he

was suspended from the contract and terminated. He alleges that the Marshals

Service failed to approve his employment as a DS, which was a condition of the

position with Walden Security. Davis complains that he did not receive written

1

notification from the Marshals Service that it had found a lack of qualifications or

unsuitability for the position, or the information regarding his right to appeal or

challenge the suitability determination under 5 C.F.R. § 731.  He had been

previously employed by the Marshals Service, and contends that his employment

with Walden Security was not approved in retaliation for his whistleblowing

activity during his tenure at the Marshals Service.  The Amended Complaint

includes denial of due process, breach of contract, and reprisal/whistleblower claims.

 The Court previously dismissed all of these claims against the federal agency and

employee defendants.  Only the breach of contract claim against Walden Security

remains.

The contract at issue is between Walden Security and the Marshals Service.

It requires the Marshals Service to determine if an applicant for a DS position with

Walden is

> suitable to perform under this contract in accordance with the criteria
> outlined in 5 CFR 731 *Suitability* and the *Homeland Security
> Presidential Directive-12, Policy for a Common Identification Standard
> for Federal Employees and Contractors*.  The Government's primary
> concern is to determine whether the individual's presence or
> performance under this contract could pose a potential threat or risk to
> the U.S. Courts, the Government, or the public.  Derogatory
> information discovered during the investigation process may render
> the individual unsuitable to perform under this contract.

(Am. Compl. Ex. A, at C-15, ECF No. 31-1).

In its Order granting the federal defendants' motions to dismiss, the Court

determined that Davis's breach of contract claim against the federal defendants

2

should be dismissed because the Marshals Service was not Davis's joint employer,

reasoning that

> [t]he Marshals Service required that Walden Security provide specific
> personnel and services, but it was Walden Security that extended the
> offer of employment to Davis, determined pay, and would have trained
> and supervised Davis. (Am. Compl. Ex. A, B, ECF No. 31-1, 31-2). The
> bare allegation that the Marshals Service was Davis' joint employer
> because it retained a veto over Davis' employment is implausible under
> these circumstances. *See Urgent v. U.S. Marshals Serv.*, 704 F. App'x
> 107, 109 (3d Cir. 2017) (CSO applicant was not employee of Marshals
> Service simply because background check gave Marshals Service
> control of decision to hire or reject contractor's applicants).

(Order Granting Mots. to Dism. 7-8, ECF No. 46.) The Court also concluded

that even if the Marshals Service and Walden Security were Davis's joint

employers, Davis was not a party or a third-party beneficiary of the contract

he sought to enforce. (*Id.*) Walden Security now requests summary judgment

as to Davis's breach of contract claim against it.[1]

DISCUSSION

In order to establish a breach of contract claim in Mississippi, "'the plaintiff

must prove by a preponderance of the evidence: (1) the existence of a valid and

binding contract, (2) the defendant has breached the contract, and (3) the plaintiff

has been damaged monetarily.'" *Kelley, LLC v. Corinth Pub. Utils. Comm'n*, 200 So.

3d 1107, 1123 (Miss. Ct. App. 2016) (quoting *Suddith v. Univ. of S. Miss.*, 977 So. 2d

---

1 Walden Security addressed all of the claims in the Amended Complaint out of an
abundance of caution. However, Walden Security is only included in the breach of
contract claim, and Davis did not respond to any arguments other than those

3

1158, 1175 (Miss. Ct. App. 2007)).

Davis claims that the defendants were "contractually obligated to undertake a background investigation for the purpose of determining the plaintiff's 'suitability' for the position of district supervisor in accordance with the limited criteria set forth in 5 CFR Section 731.202." (Am. Compl. 14, ECF No. 31). Davis alleges that the defendants breached the contract by: 1) making an inappropriate suitability determination; 2) denying Davis's continued employment by making an inappropriate suitability determination; 3) failing to provide written notice of the reasons for the unsuitability determination; 4) failing to advise Davis of his right to contest the unsuitability determination; and 5) terminating Davis's employment. (*Id.*, at 14-15).

Walden Security argues that Davis cannot establish a breach of contract claim because, as the Court has already determined, Davis did not have a written contract with Walden and was not a third-party beneficiary of the Contract.

Davis asserts in response that the obligations of the Contract modified his at-will employment relationship with Walden Security in that the Contract gave him a right to notice of adverse suitability determinations and an opportunity to be heard. He contends that Walden Security breached this contractual obligation "by failing to pursue an explanation of the Marshals Service's decision to terminate Davis's employment and by otherwise not affording Davis an opportunity to contest his

---

regarding breach of contract.

termination." (Pl. Resp. Mem. 13, ECF No. 75.)

Davis's argument is not supported by the facts in evidence or applicable law.

The Court has already determined that Davis is not a party to the Contract or a

third-party beneficiary to the Contract. Under these circumstances, it is not

possible for the Contract to give him rights that modify his at-will employment

relationship with Walden Security.

Furthermore, Davis cites to section H.9 of the Contract, and contends that it

"made particular reference to Walden's applicants and employees and their rights to

notice of adverse suitability determinations and an opportunity to be heard." (Pl.

Resp. Mem. 13, ECF No. 75.) Section H.9 governs "Removal of CSOs And Other

Contractor Personnel For Violations of the CSO Performance Standard." (Def. Mot.

Ex. D, at H-4, ECF No. 71-4.) Davis does not specify, but it appears he refers to

section H.9(d), which reads,

> If requested by the Contracting Officer or a designated representative,
> the Contractor shall provide a written explanation to the Contracting
> Officer, providing the facts and argument regarding the proposed
> removal of an individual. In the event that the Contracting Officer or
> designated representative has requested the removal, a written
> response from the individual subject to the removal, if any, and a
> written statement of the Contractor's position on the removal of an
> individual must be forwarded to the Office of Court Security, through
> the Contracting Officer, within 15 days of the initial removal notice for
> a final decision.

(*Id.*)

This provision is not applicable to Davis. He does not contend he was

removed for violating a performance standard; he alleges that although Walden

5

Security found him to be qualified for the DS position, the Marshals Service did not approve his employment application. (Am. Compl. 14, ECF No. 31; Def. Mot. Ex. B, at 56-63, ECF No. 71-2.) He alleges the Marshals Service made an "inappropriate determination that [he] was not the most qualified applicant for the position." (Am. Compl. 14, ECF No. 31.) Nevertheless, this was the Marshals Service's call to make: "[t]he Government will review and approve the Contractor's recommendation for all DS and CM positions." (Def. Mot. Ex. D, at C-12 (§ C.4.2.3), ECF No. 71-4.).

Davis next argues that the Marshals Service and Walden Security were his joint employers, and therefore "the retaliatory actions and the breach by the Marshals Service, its failure to provide any form of notice of the bases of its un-suitability determination, and [its] failure to provide Davis with a meaningful opportunity to be heard may be imputed to Walden Security." (Pl. Resp. Mem. 14, ECF No. 75.)

Davis cites *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222 (5th Cir. 2015) in support of his argument, but in that case the Fifth Circuit held that joint employers can only be liable to an employee for their own actions, not for each other's actions. (*Id.* at 229.) Thus, the Marshals Service's actions cannot be imputed to Walden Security even if they are joint employers. More importantly, even if the Marshals Service and Walden Security are joint employers, that status has no effect on Davis' ability to enforce the Contract. He remains unable to do so because he is not a party or a third-party beneficiary of the Contract.

6

Finally, Davis's argument that Walden Security was complicit in the Marshals Service's retaliation because Walden did not seek an explanation from the Marshals Service under section H.9 of the Contract does not show a question of material fact for the jury. Davis did not bring a retaliation claim against Walden Security, and therefore this attempt to impute retaliation is simply not before the Court. Furthermore, as the Court determined above, section H.9 did not apply to Davis. Walden Security would have had no cause under that provision to seek an explanation for the Marshals Service's disapproval of Davis' employment.

CONCLUSION

For all of the reasons stated above, the Court finds no question of material fact for the jury regarding Davis's breach of contract claim against Walden Security. Accordingly, the claim will be dismissed. Because this Order resolves all remaining claims between the parties, a final judgment in favor of the defendants will issue.

**IT IS THEREFORE ORDERED AND ADJUDGED** the [71] Motion for Summary Judgment filed by Metropolitan Security Services, Inc., d/b/a Walden Security is **GRANTED**. The plaintiff's claims against Metropolitan Security Services, Inc., d/b/a Walden Security are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE